McCORMIC v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 138086. Submitted April 7, 1993, at Lansing. Decided June 11, 1993; approved for publication October 28, 1993, at 9:00 A.M. Leave to appeal denied, 444 Mich —.

Rebecca McCormic and others brought an action in the Saginaw Circuit Court against Auto Club Insurance Association, seeking a declaration that the defendant, as the plaintiffs' automobile insurer, must defend and indemnify the plaintiffs in a negligence action arising out of an automobile accident. The defendant moved for summary disposition, claiming that the insurance policy had lapsed before the accident and that the plaintiffs had failed to remit the renewal premium. In response to the motion, the plaintiffs argued that the policy had remained in effect because the defendant had not sent a notice of cancellation, as required by MCL 500.3020(1)(b); MSA 24.13020(1)(b), and that there exists a genuine issue of fact concerning whether the defendant had waived its right to automatic termination of coverage at the end of the policy period by sending renewal notices that gave rise to an expectation that a notice of cancellation would be sent before coverage was terminated. The court, Lynda H. Heathscott, J., denied the motion for summary disposition. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. MCL 500.3020(1)(b); MSA 24.13020(1)(b) governs notice of cancellation of a policy that is in force and does not apply to a lapsed policy like that of the plaintiffs.

2. Under the clear and unambiguous terms of a provision of the policy in this case, failure by the insured to pay the required renewal premium results in the termination of coverage at the end of the policy period. The renewal notices sent by the defendant were consistent with this provision and did not give rise to an expectation that a cancellation notice would be sent before coverage could be terminated.

Reversed and remanded for entry of summary disposition for the defendant.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 36, 38, 39, 340-368.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR 3d 229.

INSURANCE — NO FAULT — NOTICES OF CANCELLATION — STATUTES.
A no-fault insurer is not required to give notice of cancellation of an automobile insurance policy where the policy expires by its own terms (MCL 500.3208[1][b]; MSA 24.13208[1][b]).

*Van Benschoten, Hurlburt, Tsiros & Allweil, P.C.* (by *Mandel I. Allweil*), for the plaintiffs.

*Collison & Collison, P.C.* (by *Jeffrey C. Collison*) (*Nancy L. Bosh,* of Counsel), for the defendant.

Before: GRIFFIN, P.J., and REILLY and FITZGERALD, JJ.

PER CURIAM. Defendant appeals by leave granted from a Saginaw Circuit Court order denying its motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse.

Plaintiffs sought a declaratory judgment that defendant must defend and indemnify them in an underlying automobile-related negligence action. Plaintiffs claim that they are entitled to such defense and indemnification by reason of a no-fault insurance policy issued to them on March 5, 1987. The accident occurred on December 1, 1987.

In support of its motion, defendant argued that plaintiffs' six-month policy automatically expired on September 5, 1987, because plaintiffs had declined renewal by failing to pay the required renewal premium.[1] The notice sent to plaintiffs on August 4, 1987, stated:

Your policy premium for coverage from 9/05/87 to 3/05/88 is $589.90. This policy will renew only

---

[1] The declaration certificate provided to plaintiffs defined the six-month policy term as beginning on March 5, 1987, and ending on September 5, 1987. The notice of policy coverage, which described the policy term as "3/5/87 until terminated," was sent only to the lienholder and, therefore, cannot be the cause of any confusion on the part of the plaintiffs.

if the balance of $703.56 or a minimum amount of $267.00 is paid by 9/04/87. You will not receive another renewal billing notice.[2]

On September 9, 1987, a confirmation of nonrenewal stating the following was mailed to plaintiffs:

Your policy was not renewed September 5, 1987 due to non-payment of premium. However, if we receive a payment of $414.61 by the close of business on September 25, 1987, your policy will be renewed effective September 5, 1987 with no loss of coverage.

There is no dispute that the plaintiffs failed to pay the required renewal premium.

Plaintiffs acknowledge receipt of a series of renewal notices that stated that renewal would occur only if the balance was paid, but claim that under the terms of the policy their insurance continued in effect until a cancellation notice was received. The insurance policy provides in pertinent part:

10. CANCELLATION

\*     \*     \*

Coverage under this policy for any car identified on the Declaration Certificate, or the entire policy, may be cancelled by us. We will mail or deliver 10 days written notice of cancellation to the Principal Named Insured. . . .

\*     \*     \*

11. CANCELLATION BY US, LIMITED

After coverage under this policy for a car identified on the Declaration Certificate has been effec-

---

[2] The discrepancy between the amount of the renewal premium and the total amount due is apparently explained by defendant's claim that a balance of $113.66 remained unpaid on the premium for the original policy period.

tive for a period of 55 days; or if this policy is designated as a renewal on the Declaration Certificate and that car had been insured by us for 55 days immediately preceding the renewal date; we shall issue a notice of cancellation when: (1) the Principal Named Insured or a person on his/her behalf fails to pay any premium or installment, when due . . . .

12. NONRENEWAL

We may decline to renew this policy. If we do, we will mail notice of nonrenewal to the Principal Named Insured at the address last known to us at least 30 days before the end of the policy term.

If we offer to renew this policy, and the Principal Named Insured declines, this policy will automatically terminate at the end of the current policy term. Failure to pay the required renewal premium means that our offer to renew has been declined.

Plaintiffs also contend that defendant was obligated to send a notice of cancellation pursuant to MCL 500.3020(1)(b); MSA 24.13020(1)(b), which requires language in no-fault insurance policies regarding notices of cancellation.

In denying the motion for summary disposition, the trial court stated that defendant may have waived its right under the insurance policy to claim that the policy automatically expired on September 5, 1987. The trial court reasoned that waiver may have occurred because defendant actively sought plaintiffs' continued patronage and had extended credit to them notwithstanding their known history of delinquency or nonpayment of premiums when due.

Defendant perhaps had the right, and, under the circumstances shown, an obligation, to unequivocally notify Plaintiffs that if the stipulated premiums were not paid on or before the expiration date

the policy would expire and would not be renewed by thereafter tendering part or all of the unpaid premiums. This, Defendant did not do. Rather than send such a notice, Defendant apparently chose to extend the time for payment, and, in effect, again extended a line of credit to Plaintiffs.

The trial court found that the failure of defendant to unequivocally insist upon the termination or cancellation of its policy on September 5, 1987, for nonpayment of premiums then due, created a genuine issue of material fact regarding defendant's voluntary waiver of any such right of termination or cancellation.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, and other documentary evidence available to it and grant summary disposition if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A party opposing a motion brought under C(10) may not rest upon the mere allegations or denials in that party's pleadings, but must by affidavit, deposition, admission, or other documentary evidence set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). *Panich v Iron Wood Products Corp,* 179 Mich App 136, 139; 445 NW2d 795 (1989). This Court is liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988). Nonetheless, where the opposing party fails to come forward with evidence, beyond allegations or denials in the pleadings, to establish the existence of a material factual dispute, the motion is properly granted. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987); MCR 2.116(G)(4).

Having reviewed the record, we are convinced

that there is no issue of fact and that defendant is entitled to judgment as a matter of law. The delivery of the policy without exacting full payment extended credit to plaintiffs and put the policy in force. *DeHaan v Marvin,* 331 Mich 231; 49 NW2d 148 (1951). The policy continued in effect until it was canceled or it expired. While the policy was in effect, it could not be canceled without a notice of cancellation in accordance with the provisions of paragraph 10 of the General Conditions of the policy, which incorporated the language of MCL 500.3020(1)(b); MSA 24.13020(1)(b). However, after the period of coverage had expired, the policy was no longer in effect and a notice of cancellation was not required. *Gutierrez v Dairyland Ins Co,* 110 Mich App 126, 131; 312 NW2d 181 (1981), vacated on other grounds 414 Mich 956 (1982); *Wynn v Farmers Ins Group,* 98 Mich App 93; 296 NW2d 197 (1980). See also *Int'l Harvester Credit Corp v Wilkie,* 695 F2d 231 (CA 6, 1992).

Plaintiffs' reliance on *Auto Club Ins Ass'n v Hawkins (After Remand),* 435 Mich 328; 458 NW2d 628 (1990), is misplaced. In *Hawkins,* the insurance company accepted the insured's check for payment of the renewal premium, and resubmitted it to the bank even after it had been initially rejected for insufficient funds. When the insurance company accepted payment on the check, the policy was renewed. In this case, the plaintiffs never tendered a payment to renew the policy, and defendant never accepted any such payment. No renewal occurred.

Plaintiffs argue that even if a cancellation notice was not required, there is an issue of fact regarding whether defendant waived its right to automatic expiration when it continued to offer and extend credit to plaintiffs for retroactive coverage. We disagree. In *DeHaan, supra,* the Court deter-

mined that the policy was effective upon delivery because the insurance company accepted the promise to pay the premium in installments as consideration for the risk assumed by the insurance company. The Court distinguished the situation where the policy provided that it became effective upon payment of the first monthly installment. In this case the policy had expired and was no longer in effect. The only credit that had been extended related to the unpaid premium for the coverage from March 5, 1987, to September 5, 1987. Plaintiffs were advised, through the renewal notices, that the defendant was willing to renew the policy, but only if that unpaid premium plus the renewal premium was paid. Payment was a condition precedent to renewal.

Plaintiffs also argue that the insurance provisions quoted above are inconsistent and ambiguous, giving rise to a legitimate expectation that their policy would continue until they received a notice of cancellation. They contend that because the language is ambiguous, and there are two possible constructions, the policy must be interpreted against the defendant, the drafter of the document. Again, we disagree. A contract is ambiguous when its words may reasonably be understood in different ways. *Farm Bureau Ins Co v Stark,* 437 Mich 175, 181; 468 NW2d 498 (1991). That is not the situation here. The clear and unambiguous terms of paragraphs 10 and 11 relate to cancellation of the policy during the period in which it is in effect, and are not applicable to the facts in this case. Paragraph 12 is also clear and unambiguous regarding nonrenewal of the policy at the option of the insurer or the insured. Failure by the insured to pay the required renewal premium means that the insured declined the insurer's offer of renewal, and the policy automatically

terminated at the end of the policy term. There is no suggestion that the defendant waived its right to automatic termination by the sending of the notices offering renewal options.

We conclude that defendant's renewal notice was clear that the policy would expire on its own terms if plaintiffs declined the offer of renewal by failing to pay the required renewal premium in addition to the amount still owing on the original policy. Plaintiffs failed to make the payment, and the policy was not renewed. A notice of cancellation was not required. The trial court erred in ruling that a question of fact existed regarding whether defendant waived its right to automatic termination by sending the renewal notices. There is no issue of fact, and defendant is entitled to summary disposition as a matter of law.

The order denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) is reversed, and this matter is remanded for entry of an order granting summary disposition to defendant.