# STATE OF MICHIGAN

# COURT OF APPEALS

CDM LEASING, LLC,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
December 18, 2014

No. 317987
Tax Tribunal
LC No. 00-440908

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Petitioner appeals as of right from an order of the Michigan Tax Tribunal (MTT) affirming respondent's assessment of use tax. We affirm.

Petitioner is in the business of leasing construction equipment to Dan's Excavating, Inc., and C. P. Ventures, LLC (CPV). The controlling owner of all three business entities is Chris Pereyk. In May 2008, petitioner purchased a new 2008 Hawker Beechcraft King Air B200GT airplane. Petitioner also entered into aircraft leases with Dan's Excavating and CPV effective the same day. Rather than pay sales and use tax on the airplane at the time of purchase, petitioner elected to pay use tax on the airplane's rental receipts. From June 1, 2008 through December 31, 2012, lessees paid $179,437 to lease the airplane for 448.59 hours at $400 per hour. Based on this revenue, petitioner remitted $10,838.64 in use tax payments. The flight logs revealed that petitioner or its members also used the airplane for a number of personal trips for which no rent was charged and no tax payments remitted, including vacation trips to Mackinac Island and the Bahamas, and a hunting trip to South Dakota.

Respondent denied petitioner's election to pay use tax on the airplane's rental receipts, alleging that petitioner was not in the business of leasing the airplane, and assessed petitioner use tax in the amount of $316,230, plus a failure-to-pay penalty and statutory interest. The matter eventually came before a hearing referee on respondent's motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim), and the parties' cross-motions for summary disposition under (C)(10) (no genuine issue of material fact). The hearing referee concluded that by allowing personal use of the airplane outside of any leasing activity, petitioner had disqualified itself from the lessor's benefit of paying use tax on the airplane's rental receipts. The hearing referee also determined that petitioner was not engaged in the business of leasing the aircraft because it did not lease the airplane "with the object of gain, benefit, or advantage."

-1-

The hearing referee granted respondent's motion for summary disposition under MCR 2.116(C)(10), denied petitioner's motion, and ordered a final assessment of $282,000 in use tax, $70,500 in penalty, and statutory interest to be calculated in accordance with MCL 205.22 and 205.23. Petitioner filed timely exceptions to the proposed order. After considering the exceptions, the response, and the case file, the MTT issued a final opinion and judgment adopting the hearing referee's proposed opinion and judgment and incorporating by reference the hearing referee's findings of fact and conclusions of law.

Petitioner argues that the MTT erred in granting respondent summary disposition because genuine issues of material fact remain regarding "personal use" of the airplane as well as whether petitioner is in the business of leasing. "In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Michigan Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994). To the extent resolution of an issue involves a question of statutory interpretation, review is de novo, with the agency's interpretation given "respectful consideration." *Devonair Enterprises, LLC v Dept of Treasury*, 297 Mich App 90, 96; 823 NW2d 328 (2012).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the documentary evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the trial court may grant the motion. *Id*.; MCR 2.116(C)(10), (G)(4).

"[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence," and then the burden shifts "to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto*, 451 Mich at 362) (citations omitted). If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. *Id*. at 363, citing *McCormic v Auto Club Ins Ass'n*, 202 Mich App 233, 237; 507 NW2d 741 (1993). Conjecture and speculation are insufficient to establish a genuine issue of material fact. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001) (citation omitted).

Every Michigander is subject to a use tax "for the privilege of using, storing, or consuming tangible personal property in this state . . . ." MCL 205.93(1). Lessors who purchase tangible personal property to lease or rent have the option of paying the use tax on the "full cost of the property at the time it is acquired," or they "may elect to pay use tax on receipts from the rental or lease of the tangible personal property." MCL 205.95(4). Mich Admin Code, R 205.132(1) (aka Rule 82) implements these governing statutes as follows:

> A person engaged in the business of renting or leasing tangible personal
> property to others shall pay the Michigan sales or use tax at the time he purchases

-2-

tangible personal property, or he may report and pay use tax on the rental receipts from the rental thereof. A person remitting tax on the purchase price as a purchaser-consumer or remitting tax on rental receipts as a lessor, shall follow 1 or the other methods of remitting for his entire business operation. . . .

Lessors making a Rule 82 election, i.e., electing to pay use tax on rental receipts, essentially claim an exemption from the requirement of MCL 205.93(1) to pay use tax on the purchase price of the property at the time of its acquisition. However, taxpayers who make invalid Rule 82 elections may lose their exemptions if the taxpayers convert the property to a taxable use. MCL 205.93. This is consistent with the objective of the tax statutes to collect sales and use tax from the ultimate consumer of the personal property. *Devonair Enterprises*, 297 Mich App at 99.

Petitioner agrees with respondent that any personal use of the airplane would not be tax-exempt, and concedes that it should have paid tax on certain flights of the airplane. Petitioner suggests, however, that the proper remedy would be to pay use tax plus applicable interest on these taxable flights, not to revoke petitioner's proper election under Rule 82. At the same time, however, petitioner asserts that summary disposition was inappropriate because material questions of fact remain regarding the meaning of the flight log notation "personal," and who took the personal flights.

Petitioner's speculations are insufficient to establish a genuine issue of material fact regarding the issue of "personal use" of the aircraft. See *Karbel*, 247 Mich App at 97. With respect to petitioner's admitted failure to pay taxes on the taxable use of the airplane, petitioner cites no authority in support of its proposed remedy, whereas the MTT points out that it "has consistently ruled in similar cases that an invalid Rule 82 election results in imposition of the tax on the purchase price." See *Devonair*, 297 Mich App at 93-95. Rule 82 states that "[a] person remitting tax on the purchase price as a purchaser-consumer or remitting tax on rental receipts as a lessor, shall follow 1 or the other methods of remitting for his entire business operation." Rule 205.132(1). Here, petitioner chose to remit tax on rental receipts, but through its personal use of the airplane became the end-user. In such circumstances, the remedy is a return to MCL 205.93(1) and the end-user's obligation to pay use taxes on the purchase prices of the property. *Devonair*, 297 Mich App at 93-95.

Petitioner also argues that its election to pay use tax on the airplane's rental receipts was proper under Rule 82, and that the MTT erroneously characterized its election as an "exemption," with prejudicial results. However, the MTT did not characterize petitioner's election as an "exemption." The MTT simply explained that a lessor who chooses under Rule 82 to pay use tax on rental receipts simultaneously makes an election and claims an exemption. The lessor claims an exemption from paying use tax on the purchase price of the property, and makes an election to pay use tax on the property's rental receipts.

In addition, the MTT did not err in concluding that petitioner was not in the business of leasing the airplane. In *Devonair*, the MTT considered three factors as indicative of whether Devonair was a "lessor" eligible to make a Rule 82 election:

(1) [W]hether the rates and terms of the lease are consistent with leases resulting from an arm's-length transaction, (2) whether the taxpayer holds itself out to the public as a lessor, and (3) whether the amount of time that the property is leased is sufficient to produce revenue consistently with other leasing businesses. [*Id*. at 93.]

Petitioner's lease of construction equipment does not mandate the conclusion that it was in the business of leasing the airplane. The fact that petitioner failed to generate revenue by seeking out other leasing opportunities through advertisement or adjusting its leases in an effort to produce sufficient profit to cover its fixed costs indicates that petitioner did not lease the airplane "with the object of gain, benefit, or advantage." MCL 205.92(h) (defining "business" for purposes of the Use Tax Act as "all activities engaged in by a person or caused to be engaged in by a person with the object of gain, benefit, or advantage, either direct or indirect").

The fact weighing heaviest against categorizing petitioner as a lessor for purposes of Rule 82 is not that it failed to advertise or to adjust its leases to make a profit, but its repeated personal uses of the airplane, outside of any leasing arrangement and without paying taxes on the use. Not only did petitioner fail to present evidence sufficient to raise a question of material fact with respect to its personal use of the airplane, but it also conceded that some of the flights for personal use should have been taxed. Petitioner does not support with authority its suggestion that a violation of MCL 205.93(1) and Rule 82 can be remedied by remitting use tax on the personal use of the airplane. In addition, petitioner's assertion that there remains a question of fact about who used the plane is a red herring. Whether petitioner used the airplane, or someone else used the airplane with petitioner's permission, the fact remains that it was used numerous times for personal trips, outside of any renting or leasing agreement, and without the remittance of the mandated tax.

Petitioner also argues that the MTT erred by denying it summary disposition based on the MTT's determination that its affidavit lacked particularity and, therefore, did not comply with court rules. See MCR 2.119(B)(1)(b) (stating that an affidavit must "state with particularity facts admissible as evidence establishing or denying the grounds in the stated motion"). Considering the evidence in support of the MTT's grant of summary disposition, and the MTT's determination that, even if petitioner's affidavit had specifically set forth all the factual allegations in petitioner's motion, there still would be no genuine issue as to any material fact, petitioner's position is without merit. The MTT concluded that "the fact that Petitioner and certain individuals used the aircraft outside the scope of any leasing business is not subject to a genuine dispute, based on the flight logs."

Finally, petitioner argues that the MTT erred in upholding the penalty respondent assessed against petitioner for failure to pay use tax on the purchase price of the airplane. Petitioner insists that the penalty should be cancelled because its failure to pay was based on reasonable cause.

If a taxpayer fails or refuses to pay a tax due under the Use Tax Act (UTA), MCL 205.91 *et seq.*, respondent will assess the tax against the taxpayer, as well as the interest and penalties described in MCL 205.24(2) to (5). MCL 205.24(1). For failure to pay a tax due under the UTA, respondent is authorized to assess an amount up to 25% of the tax due as a penalty. MCL

-4-

205.24(3)(b). If the taxpayer files his or her return or remits a tax payment after its due date and can establish to the satisfaction of respondent that his or her failure to pay "was due to reasonable cause and not to willful neglect," the penalty must be waived. MCL 205.24(4). The petitioner bears the burden of establishing reasonable cause by clear and convincing evidence. Mich Admin Code, R 205.1013(4) (Rule 13).

Subsection 5 of Rule 13 requires taxpayers "to exercise ordinary business care and prudence in complying with filing and payment requirements." Rule 205.1013(5). Subsection 7 of Rule 13 provides a nonexclusive list of the types of instances in which reasonable cause may be established. Rule 205.1013(7). These include situations where the delay in filing or paying is caused by the prolonged absence of the taxpayer, the taxpayer's records have been destroyed, the United States post office has delayed the taxpayer's filing or payment, or "the sole cause of the failure to pay" is a bank error. *Id*. Petitioner cites none of these or similar reasons for its failure to pay the appropriate taxes here, nor does petitioner explain how its decision to permit untaxed personal use of the subject airplane constitutes "ordinary business care and prudence." Petitioner has simply announced its position and left it to this Court to discover and rationalize the basis for its claims. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003).

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

-5-