# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

LOWREY v LMPS & LMPJ, INC

Docket No. 153025.  Decided December 13, 2016.

Krystal Lowrey filed a complaint in the Oakland Circuit Court against LMPS & LMPJ, Inc., after she slipped and fell while descending a stairway at Woody's Diner and sustained a broken tibia and fibula.  She asserted that the stairs were wet and slippery at the time of her fall, a condition Lowrey insisted Woody's Diner should have known about and should have remedied or guarded against, or about which the diner should have warned its patrons.  Lowrey subsequently amended her complaint to name KSK Hospitality Group, Inc., doing business as Woody's Diner, as the defendant.  Woody's Diner moved for summary disposition under MCR 2.116(C)(10).  The court, Rudy J. Nichols, J., granted summary disposition in favor of Woody's Diner.  Lowrey appealed in the Court of Appeals.  The Court of Appeals, RONAYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ., reversed the trial court, explaining that Woody's Diner was obligated to establish that it lacked notice of the hazard, which required it to present evidence showing what a reasonable inspection of the premises would have entailed under the circumstances the night Lowrey was injured.  313 Mich App 500 (2016).  Woody's Diner applied for leave to appeal in the Supreme Court.

In a unanimous opinion per curiam, the Supreme Court, in lieu of granting leave to appeal and without oral argument, *held*:

A premises owner moving for summary disposition of a premises liability claim against it under MCR 2.116(C)(10) has the burden of demonstrating that the claimant's evidence is insufficient to establish an essential element of the claim or presenting affirmative evidence to negate an element of the claim.  The premises owner, however, is not required to proffer evidence negating an element of the claim if the claimant's evidence is insufficient to establish an essential element of the claim.  In addition, a premises owner is not liable for injuries arising from a hazard unless it had actual or constructive notice of the hazard; the premises owner is not required to show that a routine or reasonable inspection of the premises would have failed to discover the hazard because it is not required to prove that it lacked actual or constructive notice.

1.  A party defending against a motion for summary disposition of its negligence claim in a premises liability case must raise a genuine issue of fact regarding each element of its claim including whether the premises owner had actual or constructive notice of the condition that caused the party's injury.  The premises owner is not required to present evidence to negate one

of the elements of plaintiff's claim and is therefore not required to prove that it did not have actual or constructive notice of the hazard. To place that requirement on the premises owner would improperly shift the burden of proof from the plaintiff to the defendant. In this case, Woody's Diner only needed to show that Lowrey's evidence was insufficient to create a genuine issue of material fact about whether Woody's Diner had actual or constructive notice of the hazard because Lowrey was required to produce enough evidence to create a genuine issue of material fact on each element of her premises liability claim to withstand Woody's Diner's motion for summary disposition.

2. A premises owner moving for summary disposition of a negligence claim against it is not required to present evidence of what would constitute a reasonable inspection of the premises under the circumstances and whether such inspection would apprise the premises owner of the hazard that caused its patron's injury. Never has a premises owner, the moving party in the motion for summary disposition in this case, been required to prove its lack of notice by describing what kind of inspection it should have conducted and that, even if it had engaged in such an inspection, it would have remained unaware of the hazard. Rather, Lowrey was required to present evidence that Woody's Diner had actual or constructive notice of the wet steps. Lowrey failed to present any evidence that Woody's Diner knew or should have known about the wet steps, and the Court of Appeals improperly reversed the trial court's grant of summary disposition in favor of Woody's Diner.

Court of Appeals judgment regarding notice reversed, remainder of the Court of Appeals judgment vacated, and trial court order granting summary disposition in favor of Woody's Diner reinstated.

©2016 State of Michigan

# OPINION

Chief Justice:          Justices:
Robert P. Young, Jr.    Stephen J. Markman
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano
                        Richard H. Bernstein
                        Joan L. Larsen

FILED December 13, 2016

STATE OF MICHIGAN

SUPREME COURT

KRYSTAL LOWREY,

        Plaintiff-Appellee,

v                                  No. 153025

LMPS & LMPJ, INC.,

        Defendant,
and

KSK HOSPITALITY GROUP, INC.,
doing business as WOODY'S DINER,

        Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

This case concerns the standard for granting a motion for summary disposition and the elements of a premises liability claim. On a snowy night, plaintiff Krystal Lowrey went with friends to Woody's Diner (defendant) for drinks to celebrate St. Patrick's Day. While exiting the diner, she fell on the stairs and injured herself. She brought this

premises liability action, and the trial court granted summary disposition in defendant's favor. The Court of Appeals subsequently reversed, concluding that defendant had failed to establish that it lacked notice of the hazardous condition alleged in the complaint, reasoning that defendant had not presented evidence of what a reasonable inspection would have entailed under the circumstances. We conclude that in order to obtain summary disposition under MCR 2.116(C)(10), defendant was not required to present proof that it lacked notice of the hazardous condition, but needed only to show that plaintiff presented insufficient proof to establish the notice element of her claim. We conclude that defendant met its burden because plaintiff failed to establish a question of fact as to whether defendant had notice of the hazardous condition. Accordingly, we reverse the judgment of the Court of Appeals regarding defendant's notice, reinstate the trial court's order granting summary disposition in favor of defendant on that issue, and vacate the remainder of the Court of Appeals' opinion.

## I. FACTS AND HISTORY

Plaintiff Krystal Lowrey and her friends went to Woody's Diner for drinks on March 17, 2013, in celebration of St. Patrick's Day. They arrived at approximately 12:30 a.m. and went to the dance area located on the second floor. Plaintiff and her friends used the back stairs to travel from the dance area to the smoking patio several times without incident while they were at the diner. Plaintiff consumed four shots of alcohol before she and her friends left around 1:45 a.m. The group once again used the back stairs, this time for the purpose of exiting the diner. Plaintiff was about five stairs from the bottom when she fell forward on the stairs and landed approximately two or three steps below. She asserted that she had slipped on a wet step. Plaintiff acknowledged that

she had not seen any water on the stairs at any time that night, but assumed that the stairs were wet because her backside was wet after she landed from her fall and a person "can't just slip on nothing." Plaintiff did not know which of her feet had slipped on the stairs, but thought it might have been both feet because she had lost her balance. Plaintiff and her friends testified that many people were using the same stairs that night and that plaintiff and her friends had not heard of anyone else slipping on the stairs or complaining that the stairs were slippery. The manager of the diner testified that she had not received a report of anyone else falling on the stairs that night.

After being diagnosed with and treated for a broken tibia and fibula, plaintiff sued defendant, alleging negligence. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10), holding that plaintiff failed to raise a genuine issue of material fact regarding whether defendant had actual or constructive knowledge of the condition of the stairs; alternatively, the court found the hazardous condition to be open and obvious.

The Court of Appeals reversed and remanded to the trial court, stating that "[w]hen the defendant is convinced that the plaintiff will be unable to support an element of the claim at trial, but is unwilling or unable to marshal his or her own proofs to support a motion under MCR 2.116(C)(10), the defendant's recourse is to wait for trial and move for a directed verdict after the close of the plaintiff's proofs." *Lowrey v LMPS & LMPJ, Inc*, 313 Mich App 500, 510; 885 NW2d 638 (2015). The Court of Appeals also held that defendant had failed to present evidence that it lacked notice of the hazardous condition because it had not presented evidence of what a reasonable inspection would have entailed under the circumstances. Finally, the Court of Appeals ruled that defendant

3

could not invoke the "open and obvious danger" doctrine as a defense because it had failed to present evidence that a reasonable person would have discovered the hazard.

Defendant sought leave to appeal in this Court, challenging the Court of Appeals' analysis of the standard for summary disposition, its analysis of the elements for notice of an alleged dangerous condition, and its application of the open and obvious danger doctrine.

## II. STANDARD OF REVIEW

A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). This Court reviews de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

## III. ANALYSIS

There are two issues in the Court of Appeals' opinion that require our attention. The first pertains to the standard for granting a motion for summary disposition under MCR 2.116(C)(10). MCR 2.116 provides in pertinent part:

> (B) Motion.
>
> (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense. A request for dismissal without prejudice under MCL 600.2912c must be made by motion under MCR 2.116 and MCR 2.119.

4

\* \* \*

(C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based:

\* \* \*

(10) Except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law.

\* \* \*

(G) Affidavits; Hearing.

\* \* \*

(4) A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

The moving party may thus satisfy its burden under MCR 2.116(C)(10) by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," *or* by "demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto*, 451 Mich at 362 (quotation marks and citation omitted). This Court has further described the nonmovant's burden to avoid summary disposition after the movant has satisfied its burden through one of these two courses of actions:

Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. *McCart v J Walter Thompson*, 437 Mich 109, 115; 469 NW2d 284 (1991). If the

opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. *McCormic v Auto Club Ins Ass'n*, 202 Mich App 233, 237; 507 NW2d 741 (1993). [*Quinto*, 451 Mich at 362-363.]

This Court reaffirmed *Quinto* and the proper application of MCR 2.116(C)(10) in *Maiden*, 461 Mich at 121, stating that "[a] litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10). The court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial."

In this case, defendant moved for summary disposition under MCR 2.116(C)(10). Plaintiff was an invitee of defendant and her negligence claim is based on premises liability. In order to successfully advance such a claim, an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee. *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). A premises owner breaches its duty of care when it "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).

The Court of Appeals recognized that "plaintiff must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue[.]" *Lowrey*, 313 Mich App at 510. It also understood that defendant would be entitled to summary disposition if there was no question of fact that defendant lacked such notice. *Id*. Yet, the Court of Appeals determined that "the trial court erred to the extent that it required [plaintiff] to present evidence to establish a question of fact as to

6

whether [defendant] had actual notice[.]" *Id*. at 512. The Court of Appeals erroneously shifted the burden to defendant by ruling that because defendant "failed to present evidence that, if left unrebutted, would establish that it did not have actual or constructive notice of the condition; [plaintiff] . . . had no obligation to come forward with evidence establishing a question of fact as to that element . . . ." *Id*. at 504. Defendant is not required to go beyond showing the insufficiency of plaintiff's evidence. The Court of Appeals erred when it imposed an additional requirement on defendant: to proffer evidence to negate one of the elements of plaintiff's claim. As discussed, the rule is well established that a moving party may be entitled to summary disposition as a result of the nonmoving party's failure to produce evidence sufficient to demonstrate an essential element of its claim. See, e.g., *Bernardoni v Saginaw*, 499 Mich 470; 886 NW2d 109 (2016) (granting summary disposition to the defendant because the defendant demonstrated that the plaintiff's evidence was insufficient to establish an essential element of her claim—the defendant's knowledge of the alleged defect). The Court of Appeals erred to the extent that its opinion is inconsistent with this standard for deciding summary disposition motions under MCR 2.116(C)(10).

The second issue we must clarify pertains to the notice element of a premises liability claim. While the Court of Appeals correctly noted that "[t]o establish a claim of premises liability, the plaintiff must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue," *Lowrey*, 313 Mich App at 510, the Court of Appeals both improperly shifted the burden to defendant to prove its lack of notice and imposed a new element necessary to prove such lack of notice:

7

> [A] premises possessor who moves for summary disposition on the ground that he or she did not have constructive notice of the dangerous condition will normally have to present evidence to establish what constitutes a reasonable inspection under the circumstances to permit an inference that, given the nature of the hazard, he or she would not have discovered the hazard even if he or she had performed that inspection. [*Lowrey*, 313 Mich App at 515.][1]

However, this Court has never required a defendant to present evidence of a routine or reasonable inspection under the instant circumstances to prove a premises owner's lack of constructive notice of a dangerous condition on its property. The Court of Appeals erred when it imposed this new condition on premises owners seeking summary disposition.

Rather, as earlier discussed, defendant could establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice. To prevail on her claim, plaintiff had to establish that defendant, as a premises owner, possessed actual or constructive notice of the dangerous condition. We have described liability based on a premises owner's notice of a dangerous condition as follows:

> The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. [*Carpenter v Herpolsheimer's Co*, 278 Mich 697, 698; 271 NW 575 (1937) (citation omitted).][2]

---

[1] To the extent that *Grandberry-Lovette v Garascia*, 303 Mich App 566; 844 NW2d 178 (2014), supports the Court of Appeals' position regarding a defendant's burden of proof on a motion for summary disposition or the elements necessary to prove constructive notice, it was incorrect. See *Lowrey*, 313 Mich App at 512-520.

[2] We have described the duty a landowner owes to an invitee as "[an] obligation to also make the premises safe, which requires the landowner to inspect the premises and depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88

8

Therefore, in order to show notice, plaintiff had to demonstrate that defendant knew about the alleged water on the stairs or should have known of it because of its character or the duration of its presence. See, e.g., *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968) (stating that premises liability exists when the hazard is "known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it") (emphasis omitted).

We hold that plaintiff failed to proffer evidence sufficient to demonstrate a question of fact regarding defendant's actual or constructive notice of the hazardous condition, and defendant was entitled to summary disposition on this basis. As it relates to actual notice, plaintiff herself did not see any water on the stairs at any time that night, and defendant's manager testified that no customers or employees had reported water on the stairs or any accidents on the stairs that night. Nor did plaintiff or her friends hear any other customers expressing concerns about water on the stairs. Plaintiff alleged that an employee of the bar was standing at the bottom of the stairs and witnessed her fall, but neither plaintiff nor any of her friends were able to identify the employee. Even assuming an employee was present, his presence would not by itself have indicated that he knew of the water on the step before plaintiff's fall. Thus, plaintiff presented no evidence that defendant had actual knowledge of the hazardous condition.

---

(2000). The plaintiff, however, bears the burden of proof of establishing that the defendant breached this duty of care, i.e., the defendant knew or should have known "of a dangerous condition on the premises of which the invitee [was] unaware and fail[ed] to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).

Plaintiff likewise failed to present any evidence of constructive notice, i.e., that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it. Plaintiff and her friends traversed the stairs several times during the evening without incident, evidence which would tend to support the conclusion that the hazardous condition that caused plaintiff's fall had not been present on the steps for the entirety of the evening. Nor did plaintiff present any evidence as to when the condition arose. *Goldsmith v Cody*, 351 Mich 380, 389; 88 NW2d 268 (1958) (granting summary disposition in favor of the defendant because "[t]he missing link in [the] plaintiff's case [was] any proof as to when the [hazardous condition arose]"). Finally, plaintiff presented no evidence that the hazardous condition in this case was of such a character that the defendant should have had notice of it. In fact, no evidence concerning the character of the condition was presented; plaintiff's assumption that the stairs must have been wet because her pants were wet after her fall does not support any particular conclusion concerning the character of the condition. The Court of Appeals erred by reversing the trial court's grant of summary disposition to defendant because plaintiff failed to support an essential element of her claim—defendant's notice of the hazardous condition.[3]

In summary, the Court of Appeals (1) improperly altered the burden of proof a moving party must meet to obtain summary disposition under MCR 2.116(C)(10) in a negligence action based on premises liability; (2) improperly required defendant to

---

[3] Given that defendant is entitled to summary disposition because plaintiff failed to establish an essential element of her claim, we need not address the Court of Appeals' open and obvious danger determination. Rather, we vacate that portion of its opinion.

provide "proof of reasonable inspection" to show that it lacked constructive notice of the alleged harm; and (3) erred by reversing the trial court's grant of summary disposition to defendant. Accordingly, we reverse the judgment of the Court of Appeals regarding defendant's notice, reinstate the trial court's order granting summary disposition in favor of defendant on that issue, and vacate the remainder of the Court of Appeals' opinion.

Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

11