*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

XAVIER LANG,

        Plaintiff-Appellee,

v

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
July 20, 2023

No. 361792
Wayne Circuit Court
LC No. 21-007797-NI

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the order denying its motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim for which relief can be granted) and (C)(10) (no genuine issue of material fact). We reverse and remand for entry of an order granting summary disposition to defendant.

## I. FACTUAL BACKGROUND

Plaintiff was involved in a car accident on June 27, 2020, in Detroit, Michigan. Plaintiff described the incident as follows:

> I was driving down the road, and it was raining pretty hard. I'd seen that the car in front of the car that I hit just stopped to make a left at a Coney [Island restaurant]. And I tried to stop to adjust for them stopping. And 'cause it was raining, I slid into the back of the—the vehicle.

---

[1] *Xavier Lang v Liberty Mutual Insurance Company*, unpublished order of the Court of Appeals, entered November 1, 2022 (Docket No. 361792).

Plaintiff's car was totaled in the accident. Plaintiff's wife picked him up from the scene of the accident and took him home to their apartment. He did not seek emergency medical treatment that day.

The following day, plaintiff began experiencing pain in his lower back, neck, and left knee. He went to an urgent care facility, and was referred to a different facility for an MRI. According to plaintiff's deposition testimony, he did not use the urgent care referral to get an MRI, but did ultimately get two MRIs at separate medical facilities in Southfield and Troy, Michigan. He believed he also got an x-ray at the Troy facility, but was unsure whether his recollection was accurate. Plaintiff also sought treatment from a physical therapist and a chiropractor. He went to physical therapy three times per week for approximately six or seven months after the accident.

When the accident occurred and at all times during his treatment, plaintiff maintained a Blue Care Network (BCN) health insurance policy through his employer. The car he had been driving when the accident happened was insured under a policy held by his parents. Plaintiff sought personal insurance protection (PIP) benefits as a resident-relative through his parents' insurance policy with defendant, but his claim was denied.

Plaintiff subsequently filed a complaint against defendant, seeking recovery of PIP benefits. He stated that defendant was obligated to reimburse him for all of his medical and hospital expenses. More specifically, plaintiff claimed that defendant was obligated

> to pay all the necessary medical and hospital expenses, including prescriptions and medical appliances and reimburse the Plaintiff, for all loss of wages less 15%, and to make payment for personal services and household services rendered on behalf of said Plaintiff, and to pay for all other medical rehabilitation expenses incurred as a result of the collision.

Plaintiff claimed he was entitled to reimbursement for all of the aforementioned items, along with attorney fees and costs.

Defendant answered the complaint and generally denied liability. Along with the answer, defendant also filed a list of affirmative defenses, stating, among other things, that plaintiff failed to present proof and documentation to substantiate his claim for benefits, and that the applicable insurance policy "has a coordination clause that must be properly billed first before [d]efendant has any exposure to pay benefits to [p]laintiff."

During the course of the proceedings, defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). Defendant explained that plaintiff claimed entitlement to PIP benefits under the terms of an insurance policy held by his parents, but that he was claiming coverage under the policy as a resident-relative, pursuant to MCL 500.3114(1). Defendant stated that the policy provided for coordination of medical expenses, an option offered by defendant in accordance with MCL 500.3109a. Specifically, the terms of the policy stated:

B. We do not provide Personal Injury Protection Coverage for:

1. Medical expenses for you or any "family member":

a. to the extent that similar benefits are paid or payable in accordance with prescribed guidelines of any medical provider or accident coverage provider, under any other insurance, service, benefit or reimbursement plan. This includes but is not limited to any:

(1) individual, blanket or group accident disability or hospitalization insurance;

(2) medical or surgical reimbursement plan;

(3) automobile no-fault benefits or medical expense benefits, or premises insurance affording medical expense benefits;

(4) HMOs, PPOs, or other medical plans, excluding Medicare benefits provided by the Federal Government; and

b. If Coordination of Benefits for medical expenses is indicated in the Schedule or Declarations.

Defendant stated that because plaintiff was seeking benefits through a policy that contained a coordination of benefits clause, his health insurer was primarily liable for paying for his medical expenses, including those suffered in a car accident. Defendant argued that to support a claim for PIP benefits, plaintiff was required to submit proof that the medical expenses were related to the accident and that he was treated in accordance with his health insurance policy's provisions on in- and out-of-network providers. Defendant contended that plaintiff never presented any evidence to show that his medical providers submitted bills to his health insurance provider for primary reimbursement, or that they sought preapproval for treatments plaintiff might have received from out-of-network providers. Without any proof—such as an explanation of benefits ("EOB") or denial letter—to show that plaintiff's claims were properly submitted to his health insurance, defendant argued that it could not be held liable for reimbursing plaintiff. Defendant asked the trial court to grant its motion for summary disposition under MCR 2.116(C)(8) or (C)(10).

Plaintiff filed a response to the motion. He did not dispute that he was covered by a BCN insurance policy at all times relevant to the proceedings, and that the Liberty Mutual insurance policy contained a coordination of benefits provision. However, plaintiff noted that "Defendant and Plaintiff must agree that the Blue Care Network Policy of insurance is a 'Fully Self-Funded ERISA [Employee Retirement Income Security Act] Plan'[,] this fact is not established and is a key question of fact that coincides with the question of priority that is before this Court." Plaintiff further argued:

Whether that health insurance is "primary" is not supported by any admissible evidence presented in this motion. For any number of reasons, the health insurance could in fact be inapplicable or insufficient. Plaintiff is not likely qualified to give testimony and frankly was never asked to determine if his health insurance is primary for outstanding medical claims. It is clear that Northland Radiology presented all claims to Blue Care Network as indicated in the attached electronic communication to Northland from Blue Care Network. (Exhibit 1 - BCN Explanation of Benefits) This at a minimum creates a question of fact for the trier

of fact as to whether Blue Care Network is primary for the outstanding claims. The claims were presented to Blue Care Network and were not paid, if any question remains on the answer is with Blue Care Network and Defendant has made no efforts to secure that information. The Court can only look to the evidence presented in this motion and there is clearly a question of fact on this issue.

Plaintiff asked the trial court to deny defendant's motion for summary disposition in full. Along with his response to the motion for summary disposition, plaintiff presented a single bill for MRI services performed by Northland Radiology, Inc., dated September 7, 2020. No further evidence was submitted to rebut defendant's motion for summary disposition.

In reply, defendant argued that plaintiff attempted to shift the burden of proof by stating that defendant was obligated to determine whether his insurance plan was a self-funded ERISA plan, as well as why BCN had not reimbursed plaintiff for his medical costs. But according to defendant, the burden of proof to substantiate the claim—both in terms of whether it was an ERISA plan and whether defendant was the primary party responsible for paying PIP benefits—rested solely with plaintiff. Defendant argued that plaintiff failed to meet that burden by presenting evidence—other than a single bill from Northland Radiology—to show what BCN was required to pay under its contract. Plaintiff also failed to present a copy of the contract between himself and his health insurance company, as well as evidence to show that he comported with the requirement that he obtain in-network services. Defendant stated that plaintiff's failure to substantiate his claim supported granting its motion for summary disposition.

Without any analysis whatsoever, the trial court denied defendant's motion for summary disposition. Pursuant to MCR 2.119(E)(3), the trial court issued its decision without benefit of oral argument. Defendant subsequently filed a motion for reconsideration, arguing that the trial court committed palpable error by failing to consider applicable caselaw on the subject, as well as failing to adequately consider the coordination of benefits language in the insurance policy. The trial court also denied the motion for reconsideration. This appeal followed.

## II. ANALYSIS

Defendant contends that the trial court erred by denying his motion for summary disposition when plaintiff failed to (1) present evidence to show that the no-fault policy at issue was not properly coordinated with plaintiff's health insurance policy, in accordance with MCL 500.3109a, and (2) show that he exhausted all of his options for seeking reimbursement for medical expenses through his health insurer before attempting to seek reimbursement through his no-fault insurance policy. We agree.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), and the motion was denied by the trial court. A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *Id*. at 159. A reviewing court "must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id.* at 160. The motion may "only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id.* A motion under MCR 2.116(C)(10) tests the factual support for a claim.

*Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). When reviewing a motion under MCR 2.116(C)(10), "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. Summary disposition is appropriate when the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id*.

We first turn to whether the no-fault policy was properly coordinated with plaintiff's health insurance policy. Defendant specifically challenges plaintiff's claim that defendant is the party first in priority for administering his PIP benefits claim, and contends that BCN was the primary insurer responsible for covering plaintiff's healthcare costs. To the contrary, plaintiff argues that whether BCN was the primary insurer responsible for reimbursing him is a question of fact for the jury. Plaintiff suggests that defendant is the primary party responsible for administering his insurance claim, but that it is ultimately for the jury to decide whether this is so.

Plaintiff's argument is unavailing. Under MCL 500.3109a, a person can elect to coordinate their health-insurance coverage with their no-fault coverage. See MCL 500.3109a(1). The main benefit of choosing a policy with a coordinated benefits provision is lower no-fault insurance premiums. Our Supreme Court has noted, however, that "[i]nsureds who coordinate, and thus pay a reduced premium . . . are deemed to have made the health insurer the '*primary*' insurer respecting injuries in an automobile accident." *Tousignant v Allstate Ins Co*, 444 Mich 301, 307; 506 NW2d 844 (1993) (emphasis added). This Court has similarly opined that "[w]hen no-fault coverage and health insurance are coordinated, the health insurer is *primarily liable* for the insured's medical expenses." *Farm Bureau Gen Ins Co v Blue Cross Blue Shield of Mich*, 314 Mich App 12, 21; 884 NW2d 853 (2016) (emphasis added). Thus, contrary to plaintiff's argument, BCN was primarily liable for covering his medical expenses in this case.

The other outstanding issue regarding whether plaintiff's no-fault plan was properly coordinated under MCL 500.3109a turns on whether plaintiff's BCN health insurance plan was a self-funded ERISA health insurance plan. Plaintiff argued below that a question of fact existed on this issue. On appeal, defendant argues that it is plaintiff's responsibility to present evidence to rebut the presumption that the no-fault plan was properly coordinated, including evidence that it was an ERISA plan. We agree. While we can only speculate as to why the trial court denied defendant's motion for summary disposition, the motion was brought under MCR 2.116(C)(8) and (C)(10). In the process of reviewing the motion for summary disposition, which included a number of exhibits, we presume that the court considered both the pleadings and "other evidence submitted by the parties," when determining whether to grant summary disposition, as is proper under MCR 2.116(C)(10). *Innovation Ventures*, 499 Mich at 507.

The moving party presenting a motion for summary disposition under (C)(10) initially has the burden of supporting its position with evidence. *Neubacher v Globe Furniture Rentals*, 205 Mich App 418, 420, 522 NW2d 335 (1994). However, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Id*. Summary disposition is proper if the opposing party cannot present evidence to establish the existence of a dispute of material fact. *McCormic v Auto Club Ins Ass'n*, 202 Mich App 233, 237; 507 NW2d 741 (1993). Here, plaintiff argued that his health insurance policy might be a self-funded ERISA health insurance plan, but presented no further evidence to support this claim, and essentially insinuated that defendant bore

the burden of determining whether the claim was true. But once plaintiff sought to rebut defendant's argument that the no-fault policy was properly coordinated under MCL 500.3109a by claiming that it might be an ERISA plan, he had to support that rebuttal with evidence. Since plaintiff failed to do so, defendant is correct that the no-fault insurance policy, including the coordination of benefits provision, properly complied with MCL 500.3109a.

Defendant next contends that summary disposition should have been granted because plaintiff failed to present evidence showing that he made reasonable efforts to have his medical expenses covered by his BCN health insurance policy. Aside from the aforementioned burden to rebut a claim made in a motion for summary disposition, a no-fault claimant generally bears the burden "to prove that he or she is entitled to his or her claimed benefits[.]" *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 655; 899 NW2d 744 (2017). Moreover, a no-fault claimant "also has the burden of establishing that he sought to obtain appropriate services from" the primary insurer, particularly where the policy at issue contains a coordination of benefits provision. *Owens v Auto Club Ins Ass'n*, 444 Mich 314, 324; 506 NW2d 850 (1993).

In his complaint, plaintiff sought reimbursement for the following medical expenses:

> all [] necessary medical and hospital expenses, including prescriptions and medical appliances and reimburse the Plaintiff, for all loss of wages less 15%, and to make payment for personal services and household services rendered on behalf of said Plaintiff, and to pay for all other medical rehabilitation expenses incurred as a result of the collision.

On this point, plaintiff claims that he presented ample evidence to show that he sought to obtain reimbursement for medical expenses from BCN before attempting to obtain PIP benefits from defendant. But the only evidence presented to the trial court when it ruled on the motion for summary disposition was a single bill for MRI services from Northland Radiology, Inc. Plaintiff presented no evidence showing what services BCN covered, whether he took advantage of in-network or out-of-network medical treatment, or any documentation to show that he sought coverage through BCN before pursuing PIP benefits from defendant, such as an EOB or a denial letter. Even plaintiff's deposition testimony, which discusses his treatment with a physical therapist and a chiropractor, does not contain any information about the names of the doctors or facilities where plaintiff sought treatment.

Again, once defendant brought its motion for summary disposition under MCR 2.116(C)(10), it was plaintiff's responsibility to present evidence establishing that a question of material fact existed as to whether he sought reimbursement for medical expenses through BCN, in accordance with MCL 500.3109a and the terms of his no-fault insurance policy. See *McCormic*, 202 Mich App at 237; *Owens*, 444 Mich at 324. His failure to do so should have led the trial court to grant defendant's motion for summary disposition. *McCormic*, 202 Mich App at 237. Accordingly, the trial court ultimately erred by failing to grant the motion.

## III. CONCLUSION

The trial court erred by denying defendant's motion for summary disposition when plaintiff failed to show that a genuine issue of material fact existed regarding whether his no-fault insurance

policy was properly coordinated under MCL 500.3109a, and whether he sought reimbursement for medical services from BCN before seeking PIP benefits from defendant.

Reversed and remanded for entry of an order granting summary disposition to defendant. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Michelle M. Rick