NEUBACHER v GLOBE FURNITURE RENTALS, INC

Docket No. 144350. Submitted October 20, 1993, at Lansing. Decided January 24, 1994; approved for publication May 18, 1994, at 9:05 A.M.

George Neubacher brought an action in the Macomb Circuit Court against Globe Furniture Rentals, Inc., alleging that the defendant violated the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, when it discharged him from his position as credit manager and hired a younger person to replace him. The defendant moved for partial summary disposition with respect to the issue of damages, contending that the plaintiff could not seek economic damages for the period after the position of credit manager was permanently eliminated and that the plaintiff was not entitled to damages for loss of professional reputation. The court, George E. Montgomery, J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. The plaintiff, as the party responding to a motion for summary disposition based on a lack of a genuine issue of material fact concerning the elimination of the position of credit manager and his consequent ineligibility for economic damages after the elimination of his former position, needed but failed to set forth specific facts showing that there was a genuine issue of fact for trial. The trial court erred in denying partial summary disposition for the defendant with respect to economic damages.

2. The defendant failed to present documentary evidence in support of its contention that the plaintiff was not entitled to damages for loss of professional reputation. The trial court did not err in denying partial summary disposition for the defendant with respect to damages for loss of professional reputation.

Affirmed in part, reversed in part, and remanded.

*James Schuster,* for the plaintiff.

*MacDonald & Goren, P.C.* (by *Craig S. Schwartz*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and MURPHY, JJ.

PER CURIAM. In 1989, plaintiff sued defendant, alleging that his employment had been wrongfully terminated because of his age in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Subsequently, defendant's motion for partial summary disposition with regard to the issue of damages was denied. Defendant filed an application for leave to appeal and immediate consideration. This Court granted leave and ordered a stay of further proceedings pending resolution of this appeal. We affirm in part and reverse in part.

On November 12, 1984, plaintiff was hired as defendant's credit manager. On November 1, 1988, defendant discharged plaintiff and replaced him with a younger man. On September 1, 1989, the job of credit manager was formally eliminated, and plaintiff's replacement was permanently laid off. For a time, defendant's assistant controller performed the credit and collection functions previously performed by the credit manager. Eventually, however, all credit and collection functions were performed at defendant's headquarters in Cincinnati.

Defendant argues on appeal that the trial court erred in denying its motion for partial summary disposition with regard to the issue of economic damages, i.e., loss of pay and benefits, accruing after September 1, 1989, the date plaintiff's former job was permanently eliminated. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Radtke v Everett,*

442 Mich 368, 374; 501 NW2d 155 (1993). The moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. *Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120, 134; 463 NW2d 442 (1990). The party opposing the motion then has the burden of showing that a genuine issue of disputed facts exists. *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 773; 447 NW2d 864 (1989). The nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 115; 469 NW2d 284 (1991).

In support of its motion for partial summary disposition, defendant introduced evidence that before July 1989, defendant had decided to consolidate its Michigan and Ohio offices to improve efficiency and reduce operating costs. In July of 1989, plaintiff's successor was informed of the decision and offered time to seek another position. Effective September 1, 1989, plaintiff's successor was permanently laid off, and defendant never hired another credit manager at its Michigan facility. Beginning in March 1990, all credit and collection functions were performed out of defendant's Ohio headquarters.

Defendant requested that the trial court grant it partial summary disposition and dismiss plaintiff's claims for lost wages, benefits and other economic damages claimed after September 1, 1989, the date plaintiff's former position was permanently eliminated. Plaintiff did not introduce any evidence contesting defendant's assertion that the position of credit manager was permanently eliminated on September 1, 1989. Because plaintiff did not file a counter-affidavit or other documentary evidence to

refute that his job was permanently eliminated on September 1, 1989, for efficiency reasons, partial summary disposition should have been granted with regard to the issue of economic damages.

A review of the record reveals that summary disposition was properly denied with regard to defendant's claim that plaintiff was not entitled to "loss of professional reputation" damages. Defendant failed to support its position in this regard by documentary evidence. *Ward, supra* at 134. Therefore, summary disposition was properly denied with respect to this claim.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.