# STATE OF MICHIGAN

# COURT OF APPEALS

---

TWO HUNDRED EIGHTY-FIVE WEST
HICKORY GROVE, LLC,

        Plaintiff-Appellee,

v

ELBERT L. HATCHETT and LAURESTINE
HATCHETT,

        Defendants-Appellants,

and

UNITED STATES OF AMERICA and
DEPARTMENT OF TREASURY,

        Defendants.

UNPUBLISHED
March 15, 2016

No. 324300
Oakland Circuit Court
LC No. 2014-138370-CH

---

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

In this action for judicial foreclosure, defendants Elbert and Laurestine Hatchett appeal as of right the trial court's orders granting summary disposition and entering judgment in favor of plaintiff Two Hundred Eighty-Five West Hickory Grove, LLC. We affirm.

## I. BACKGROUND

It is undisputed that defendants signed a mortgage and note with Alan Ackerman for $840,000, on property owned by Laurestine at 285 West Hickory Grove, in Bloomfield Township. In an attempt to sell the property to satisfy the loan, Ackerman sought out and found willing purchasers and struck an agreement to sell the property to them on a land sale contract. In order to do that, Laurestine assigned her interest in the property to Ackerman. The document signed by Laurestine noted that the land sale contract was being secured by property owned by the purchasers and referred to "Schedule A" for a list of those properties. Elbert averred that he reviewed all documents signed by Laurestine. Copies of the assignment signed by Laurestine, referencing Schedule A, were filed with the Macomb and Wayne County Registers of Deeds. The Schedule A provided to the trial court by plaintiff contained reference to a multitude of

-1-

properties owned by the purchasers, which would be used as collateral for the land sale contract. Elbert averred that he never saw the Schedule A, and that it was not attached to the documents as provided by plaintiff.

Eventually, the purchasers stopped making payment on the land sale contract, and Ackerman engaged in a two-year process of eviction by judicial foreclosure. The property remaining unsold, Ackerman then sought reimbursement under the loan and mortgage agreement with defendants. Defendants refused to pay. Ackerman then assigned the note and mortgage to plaintiff, a Michigan LLC of which Ackerman was a manager. Plaintiff then brought the instant action for judicial foreclosure.

Later, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that defendants signed the note and mortgage, received the funds, and now refused to pay, and no discovery should change that. Defendants responded by arguing that plaintiff's complaint was required to be dismissed because it did not include the promissory note, that without the promissory note plaintiff could not prove it was entitled to enforce the note, and the trial court had no way of determining whether the note was recourse or non-recourse. Substantively, defendants argued that plaintiff was not a holder in due course pursuant to MCL 440.3302, because Ackerman and plaintiff had concealed the various collateral properties from defendants, and was therefore subject to personal defenses defendants had against Ackerman. At a hearing scheduled on the motion, plaintiff failed to appear. Defendants and the trial court then realized that plaintiff had filed a re-notice of hearing the day before but had not provided notice to either defendants or the trial court. The trial court stated that it would adjourn the hearing until the later date requested by plaintiff and defendants did not object or move for dismissal.

Subsequently, plaintiff filed reply and supplemental reply briefs, to which it attached the promissory note, arguing that it was a holder in due course because defendants were aware of the myriad of collateral properties. Defendants argued that they were not, citing an affidavit by Elbert stating he read all the documents signed by Laurestine and that Schedule A was not present. The trial court found for plaintiff, stating that Elbert's affidavit did not create a question of material fact regarding defendants' knowledge of the collateral properties, where plaintiff had provided abundant documentary evidence. The trial court also ruled that, plaintiff having provided the promissory note with its reply brief, defendants' procedural arguments were without merit. Shortly thereafter, the trial court entered judgment in favor of plaintiff, including judicial foreclosure, money judgment, and deficiency judgment after a Sheriff's sale. Defendants now appeal.

## II. ANALYSIS

Defendants offer both procedural and substantive grounds for reversal of the trial court's order granting plaintiff's motion for summary disposition. "This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "The moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Neubacher v*

*Globe Furniture Rentals, Inc*, 205 Mich App 418, 420; 522 NW2d 335 (1994). Where the moving party has properly supported its position, the burden then shifts to the opposing party. *Id*. "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. at 363. An affidavit that uses "conclusionary language . . . [un]supported by underlying facts," is "insufficient for purposes of MCR 2.116(C)(10)." *Jubenville v West End Cartage, Inc*, 163 Mich App 199, 207; 413 NW2d 705 (1987).

Defendants first argue that the trial court committed procedural error that required reversal. First, defendants argue that the trial court should have dismissed plaintiff's complaint for failure to include the promissory note with its complaint. Specifically, defendants assert that, pursuant to MCR 2.113(F)(1), the trial court should have dismissed plaintiff's action. Nevertheless, defendants fail to contemplate that, pursuant to MCR 2.116(I)(5), even if the trial court had summarily disposed of plaintiff's claim, plaintiff would have been permitted to amend its pleadings. Considering plaintiff later filed the promissory note prior to any decision on the motion, it stands to reason that plaintiff could have easily cured any defect in the complaint. Satisfied that the same result would have occurred in either circumstance, defendants have provided no grounds for reversal. See MCR 2.613(A).

Next, defendants argue that plaintiff's motion for summary disposition should have been dismissed when plaintiff failed to appear at the original hearing. Defendants have waived this issue. "Failure to timely raise an issue in the trial court generally waives review of that issue on appeal." *In re Gerald L Pollack Trust*, 309 Mich App 125, 150; 867 NW2d 884 (2015). At the hearing, defendants did not move the trial court to enter any sanctions against plaintiff for failing to attend the hearing, nor did they object when the trial court stated it would adjourn until a later date. Defendants' silence on the issue results in its waiver. See *id*. In any event, MCR 2.119(E)(4)(b), which defendants solely rely upon, does not permit the trial court to dismiss plaintiff's motion as a sanction for failing to attend a hearing.

In their last procedural argument, defendants assert that the trial court erred in permitting plaintiff to raise new grounds of argument in its reply briefs. While it is true that "[r]eply briefs must be confined to rebuttal[,]" *Kinder Morgan Michigan, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007), this Court's ability to review this issue is hindered by defendants' failure to provide this Court with the relevant transcript. Defendants refer to a hearing regarding plaintiff's motion for summary disposition where, both parties agree, there was a discussion and decision by the trial court regarding reply briefs to be filed by plaintiff. Nevertheless, defendants have shirked their duty to provide this Court with the relevant transcript, MCR 7.210(B)(1)(a), and we therefore are unable to consider it. *PT Today, Inc v Comm'r of Office of Fin and Ins Svcs*, 270 Mich App 110, 151-152; 715 NW2d 398 (2006). Even so, any such error would have been harmless pursuant to MCR 2.613(A), because defendants were given a full and fair opportunity to respond to the reply brief, and because the trial court had the power, pursuant to MCR 2.116(I)(1), to sua sponte enter an order granting summary disposition in favor of plaintiff in light of the newly presented evidence and argument.

For those reasons, the trial court's procedural error (if any) in allowing new arguments was not "inconsistent with substantial justice[,]" and do not require reversal. MCR 2.613(A).

There being no procedural grounds for reversal, we now turn to defendants' argument that there was a genuine issue of material fact regarding defendants' knowledge of the various properties pledged as security interest for the land sale contract between Ackerman and the purchasers.

The facts presented exhibit that Laurestine signed a legal document assigning her interest in real property to Ackerman, and that document referenced an attached Schedule A, for a list of properties that secured the land sale contract. Elbert averred that he reviewed all documents signed by Laurestine. Plaintiff provided that document, along with Schedule A, to the trial court. Additionally, plaintiff made an unrebutted assertion that the document and Schedule A had been filed, in their entirety, with the Wayne and Macomb County Registers of Deeds. The only evidence provided by defendants was an affidavit by Elbert, in which he averred that defendants had not seen Schedule A and that Ackerman had attempted to conceal those collateral properties from defendants. Notably, defendants failed to provide any evidence of what they believed Schedule A to actually entail (considering they do not dispute that the document signed by Laurestine did reference Schedule A) or any other documentary evidence regarding the alleged concealment by Ackerman. Further, Elbert's averment is simply unsupported by the surrounding facts, considering Laurestine signed the document referencing Schedule A, and defendants have never provided an explanation of what they believed Schedule A to entail. As such, Elbert's affidavit amounted to "conclusionary language . . . [u]nsupported by underlying facts," that was not sufficient to defeat the summary disposition motion. *Jubenville*, 163 Mich App at 207. See also *Quinto*, 451 Mich at 363. As such, defendants have provided no grounds for reversal.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Christopher M. Murray

-4-