# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALLAN ROOKS,

        Plaintiff,

v

ANDOVER HEIGHTS CONDOMINIUM
ASSOCIATION,

        Defendant/Third-Party Plaintiff-
        Appellant,

v

JOHNNIES CONCRETE REPLACEMENT, INC.

        Third-Party Defendant-Appellee.

UNPUBLISHED
December 22, 2016

No. 328561
Macomb Circuit Court
LC No. 13-001697-NO

---

Before: SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

Third-party plaintiff Andover Heights Condominium Association (Andover) appeals the trial court's order that granted summary disposition in favor of third-party defendant Johnnies Concrete Replacement, Inc. (Johnnies). For the reasons provided below, we affirm.

## I. BASIC FACTS

This case arises from the replacement of a step at Andover's property and the subsequent fall of plaintiff Allan Rooks at that step. During the summer of 2011, Andover contracted with Johnnies to perform various concrete repair work throughout the Andover Heights Condominium complex in Sterling Heights, Michigan. One of the specified items in the agreement was for Johnnies to replace the step that was located outside the front door of unit 72.

In March 2012, nine months after Johnnies replaced the step, Rooks, who is an amputee and walks with the use of a prosthetic leg, visited his friend who lived at unit 72 in the Andover complex. Rooks entered the unit through the rear door. When Rooks left the unit, he left through the front door, and when he attempted to step down onto the replaced step, he slipped and fell to the ground. It was later determined that the height differential from the landing down

-1-

to the step was approximately 9-1/4 inches, which is approximately 2 inches more than what is allowed under then-existing building codes.

Rooks sued Andover and alleged that Andover was actively negligent for failing to inspect the premises and maintain the premises in a safe manner.[1] Andover, in turn, filed a third-party claim against Johnnies and alleged two counts: (1) common-law/implied indemnity and (2) negligence/gross negligence and/or contribution. Regarding this second count,[2] Andover asked that Johnnies "defend, indemnify, and hold harmless [Andover] from any and all liability arising out of this lawsuit and must reimburse [Andover] for all costs, expenses, and attorney fees incurred."

Johnnies moved for summary disposition under MCR 2.116(C)(8) and (C)(10) and argued that Andover could not sustain its indemnity claim because Rooks' underlying complaint against Andover alleged active negligence as opposed to vicarious or derivative liability. Although Johnnies did not explicitly reference Andover's second count, Johnnies argued that "in the alternative," it could not be liable because there is no evidence that it did anything wrong. Specifically, Johnnies maintained that it was not required to do more than what was specified in the estimate it provided to Andover, which was to *replace* the bricks and the pre-cast concrete step. And because there was no evidence to show that Johnnies did not do exactly what it was asked to do—replace the step with an identical one—its work could not have caused any damages. Andover responded to Johnnies' motion and argued that if Johnnies replaced the step, but not in compliance with applicable building codes, then Johnnies was negligent, regardless of the state of compliance of the old step.

The trial court granted Johnnies' motion and dismissed Andover's case against Johnnies. The court focused on Andover's indemnity claim and ruled that because Rooks' allegations against Andover involved "active rather than passive negligence," Andover was precluded from seeking indemnification from Johnnies. The court did not substantively address Andover's negligence claim against Johnnies.

Andover filed a motion for reconsideration and pointed out to the court that the order granting summary disposition in favor of Johnnies did not address Andover's negligence count. In its motion, Andover also attached numerous other exhibits in support of its opposition to Johnnies' motion for summary disposition. The court denied the motion and stated, in pertinent part, that (1) Andover should have submitted its exhibits previously and (2) the court "absolutely addressed the issue of liability pursuant to the [Andover's] claims of negligence" and will not "rehash[]" it again.

## II. STANDARD OF REVIEW

---

[1] Rooks and Andover settled that suit, so Rooks' claims against Andover are not before us.

[2] As discussed, *infra*, Andover's claim of indemnity also is not before us.

Johnnies moved for summary disposition under both MCR 2.116(C)(8) and (C)(10). This Court reviews a trial court's decision on a motion for summary disposition de novo. *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). "A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone. The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery." *Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001). A motion brought under MCR 2.116(C)(10) tests whether there is factual support for the claim. *Neubacher v Globe Furniture Rentals, Inc*, 205 Mich App 418, 419; 522 NW2d 335 (1994). Such a motion is properly granted if there are no genuine questions of material fact and the moving party is entitled to judgment as a matter of law. *Dawoud v State Farm Mut Auto Ins*, ___ Mich App ___; ___ NW2d ___ (Docket Nos. 327915 & 327927, issued October 18, 2016), slip op, p 3.

## III. ANALYSIS

Andover concedes that the trial court properly dismissed its claim of indemnity[3] but argues that the court erred when it failed to consider Andover's claim of negligence against Johnnies at the time it summarily dismissed its complaint. We disagree.

"It is well established that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Thus, Andover's use of the label "negligence" on the second count in its complaint is not controlling. Indeed, our review of the claim shows it merely a restatement of its claim of indemnity.

> The right to common-law indemnification is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses. The right exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent. Common-law indemnity is intended only to make whole again a party held vicariously liable to another through no fault of his own. [*Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 62; 807 NW2d 354 (2011) (quotation marks, citations, and brackets omitted).]

Here, while Andover invoked the word "negligence" in the title of its second count, it is clear that Andover simply was re-presenting its claim for indemnification. Any "damages" Andover suffered were the result of paying Rooks on his initial claim that Andover was negligent. Indeed, in Andover's prayer for relief on this second count, Andover asked the trial

---

[3] Consequently, we offer no opinion on whether Andover's claim of indemnity was legally barred.

court to order Johnnies to "defend," "indemnify," "hold harmless," and to "reimburse" Andover. Such requests are inconsistent with a claim of negligence, which only seeks to recover actual damages. Here, arguably any negligent act on Johnnies' part would have caused Rooks' injuries. For Andover to recoup the amount it paid Rooks, based on Rooks' underlying claim against Andover, sounds in indemnification. Accordingly, with Andover's complaint sounding only in indemnification, there is no negligence count to decide. Thus, the trial court did not err when it failed to address Johnnies' motion for summary disposition in the context of a claim of negligence.[4] Although the trial court did not espouse these reasons, we will nonetheless affirm on different grounds. See *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998).

When a third-party plaintiff, like Andover, seeks to have a third-party defendant held responsible, in whole or in part, for the damages paid to the plaintiff, the third-party plaintiff must advance a claim for indemnification or, if the third-parties are both tortfeasors, contribution. But, here, because Andover has conceded that its indemnification claim was barred by Rooks' active negligence claim against it and because Andover failed to assert a claim for statutory contribution among joint tortfeasors,[5] it has no direct cause of action against Johnnies to require Johnnies to reimburse it for its settlement with Rooks.

Affirmed. Johnnies, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray

---

[4] And, as already noted, Andover concedes on appeal that its claim for indemnity was properly dismissed.

[5] Although Andover's second count against Johnnies was titled "NEGLIGENCE/GROSS NEGLIGENCE AND/OR CONTRIBUTION," Andover made no allegations that sounded in contribution and did not cite Michigan's contribution statute, MCL 600.2925a. Moreover, Andover also never argued before the trial court or this Court that its second count against Johnnies referred to any claim of contribution. Instead, Andover asserted that the claim was one of negligence, but we have already indicated that this is incorrect because its claim is purely derivative, as it seeks to have Johnnies pay some or all of the settlement dollars it paid to Rooks.