*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH TRACE CONDOMINIUM
ASSOCIATION,

FOR PUBLICATION
February 10, 2022
9:15 a.m.

        Plaintiff-Appellee,

v

No. 355243
Oakland Circuit Court
LC No. 2018-170537-CH

AMERICAN GLOBAL ENTERPRISES, INC.,

        Defendant-Appellant.

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

BOONSTRA, P.J.

Defendant appeals by right the trial court's judgment entered in accordance with its earlier order granting summary disposition in favor of plaintiff and requiring defendant to release all claims of legal and equitable title to the property at issue. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The pertinent facts in this case are undisputed, and are set forth in the trial court's opinion and order:

> [Plaintiff] is a 46-unit condominium development located in White Lake Township[, Michigan]. It was established on May 25, 2004 pursuant to a Master Deed . . . . The original development plan was to develop 46 units across 10 buildings; units 42 through 46 were designated in the Master Deed as "must be built," while the other 41 units were designated as "need not be built." The original developer, Elizabeth Trace Development, LLC, ultimately completed 19 of the 46 units and conveyed them to an entity called Homes For Living, Inc. (those being units 1 through 14 and 42 through 46). The remaining 27 units—units 15 to 41 ("the Unbuilt Units")—were never built.

> On December 18, 2009, as a result of the recession, Elizabeth Trace Development, LLC conveyed the Unbuilt Units to Main Street Bank via deed in

-1-

lieu of foreclosure. On October 2, 2012, Main Street Bank conveyed the Unbuilt Units to [defendant]. To this day, the Unbuilt Units remain unconstructed.

Plaintiff filed suit on December 14, 2018, claiming that ownership of the Unbuilt Units had reverted to it by operation of law by the end of 2014, as provided in MCL 559.167(3),[1] because development and construction of those units had not been completed within 10 years of the commencement of construction and the units had not been withdrawn from the project. Both parties moved for summary disposition; plaintiff did so under MCR 2.116(C)(10), and defendant did so under MCR 2.116(C)(8) and (10). Plaintiff argued there was no genuine issue of material fact that the Unbuilt Units—and defendant's right to develop them—had ceased to exist after 2014, under MCL 559.167(3) and the Master Deed. Defendant argued that MCL 559.167(3) and the portions of the Master Deed cited by plaintiff did not apply because it was not a developer.

The trial court granted plaintiff's motion for summary disposition and denied defendant's motion for summary disposition, finding in relevant part:

> [B]ecause [defendant] did not withdraw the Unbuilt Units within the ten-year timeframe required by MCL 559.167(3), the Unbuilt Units ceased to exist on May 25, 2014, and all undeveloped lands became general common elements of [plaintiff] at that time. Because the Court finds this to be a necessary outcome based on the language of MCL 559.167(3), it is not necessary for the Court to reach the parties' separate arguments based on the language of the Master Deed.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's grant of summary disposition. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009), citing *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 714 n 33; 624 NW2d 443 (2000). Summary disposition under MCR 2.116(C)(10) is appropriately granted when the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The moving party can satisfy its burden of showing the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the nonmoving party's claim or by demonstrating that the evidence cannot establish an essential element of the nonmoving party's claim or defense. *Id*. at 362-363. Once the moving party meets this burden, the burden shifts to the nonmoving party to submit evidence establishing that there is a genuine

---

[1] MCL 559.167 was amended on September 21, 2016. 2016 PA 233. The amendment does not apply retroactively, *Cove Creek Condo Ass'n v Vistal Land & Home Devel LLC*, 330 Mich App 679, 697- 701; 950 NW2d 502 (2019), and defendant presents no serious argument to the contrary. This opinion's references to MCL 559.167, except where otherwise specified, refer to the pre-amendment version.

issue of material fact. *Id*. at 362, citing *Neubacher v Globe Furniture Rentals*, 205 Mich App 418, 420; 522 NW2d 335 (1994).

"When reviewing a motion under MCR 2.116(C)(10), this Court 'must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in favor of the party opposing the motion.'" *Williamstown Twp v Sandalwood Ranch*, LLC, 325 Mich App 541, 547 n 4, 927 NW2d 262 (2018), quoting *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996).

We review de novo questions of statutory interpretation, the interpretation of court rules, and the interpretation of contracts. *State Farm Fire & Casualty Co v Corby Energy Servs, Inc*, 271 Mich App 480, 483; 722 NW2d 906 (2006); *In re Estate of Moukalled*, 269 Mich App 708, 713; 714 NW2d 400 (2006); *Sands Appliance Servs v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000). Condominium project documents, including master deeds, are to be interpreted and enforced like contracts. MCL 559.153; *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 393; 875 NW2d 234 (2015). We also review de novo issues of constitutional law. *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 698; 950 NW2d 502 (2019).

## III. ANALYSIS

Defendant argues that the trial court erred by granting plaintiff's motion for summary disposition and denying defendant's motion for summary disposition. Specifically, defendant argues that the trial court failed to correctly interpret MCL 559.167(3) or to consider certain terms of the Master Deed. We disagree.

"[T]he plaintiff in a quiet-title action has the initial burden of establishing a prima facie case of title, and . . . summary disposition in favor of the defendant is properly entered if the plaintiff fails to carry this burden." *Special Property VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007) (internal citations omitted). "If the plaintiffs make out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet County Rd Comm'n*, 236 Mich App 546, 550; 600 NW2d 698 (1999).

When interpreting a statute, the goal is to determine the legislative intent by giving the statutory language its ordinary and plain meaning. *DeFrain v State Farm Mut Automobile Ins Co*, 491 Mich 359, 367; 817 NW2d 504 (2012). Plain, unambiguous statutory language will be enforced as written. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). To the extent possible, a court should avoid any construction that would render any part of a statute nugatory or absurd. *Altman v Meridian*, 439 Mich 623, 635; 487 NW2d 155 (1992). "A court must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. Statutory language should be construed reasonably, keeping in mind the purpose of the act." *Watson v Mich Bureau of State Lottery*, 224 Mich App 639, 645; 569 NW2d 878 (1997).

MCL 559.167(3) states, in relevant part:

[*I*]*f the developer has not completed development and construction of units or improvements in the condominium project that are identified as "need not be built" during a period ending 10 years after the date of commencement of construction by the developer of the project, the developer, its successors, or assigns have the right to withdraw from the project all undeveloped portions of the project not identified as "must be built" without the prior consent of any co-owners, mortgagee of units in the project, or any other party having an interest in the project*. If the master deed contains provisions permitting the expansion, contraction, or rights of convertibility of units or common elements in the condominium project, then the time period is 6 years after the date the developer exercised its rights with respect to either expansion, contraction, or rights of convertibility, whichever right was exercised last. The undeveloped portions of the project withdrawn shall also automatically be granted easements for utility and access purposes through the condominium project for the benefit of the undeveloped portions of the project. *If the developer does not withdraw the undeveloped portions of the project from the project before expiration of the time periods, those undeveloped lands shall remain part of the project as general common elements and all rights to construct units upon that land shall cease*. [Emphasis added.]

The language of MCL 559.167(3) is clear and unambiguous. *Sun Valley Foods*, 460 Mich at 236. If the developer of a condominium project (or its successors or assigns) does not withdraw the undeveloped "need not be built" units from the project within the specified 10-year time period, the land comprising those units becomes part of the project "as general common elements" and all rights to construction on that land ceases. It is undisputed that no one withdrew the Unbuilt Units from the project within the specified 10-year time period. Therefore, after that date, by operation of law, the Unbuilt Units remained part of the project as general common elements, and all rights to construct upon that land ceased. MCL 559.167(3); see also *Cove Creek*, 330 Mich App 679.

In *Cove Creek*, this Court affirmed a trial court's holding that the defendant owner of unbuilt "need not be built" units had lost all rights to develop those units because of the expiration of the time period outlined in MCL 559.167(3). *Id*. at 703-704. This case involves facts almost identical with those in *Cove Creek*, and it compels the same result. Although *Cove Creek* dealt with the amended version of MCL 559.167, the amended version retained the same 10-year deadline by which the developer or its successors or assigns must either build, withdraw, or convert "need not be built" units. The amended statute provides a different procedural mechanism by which the unbuilt units may revert to general common elements if the developer has not withdrawn or converted them within the deadline:

the association of co-owners, by an affirmative 2/3 majority vote of the members in good standing, may declare that the undeveloped land shall remain part of the project but shall revert to general common elements and that all rights to construct condominium units upon that undeveloped land shall cease. When such a declaration is made, the association of co-owners shall provide written notice of the declaration to the developer or any successor developer by first-class mail at its last known address. Within 60 days after receipt of the notice, the developer or any successor developer may withdraw the undeveloped land or convert the undeveloped condominium units to "must be built". However, if the undeveloped

-4-

land is not withdrawn or the undeveloped condominium units are not converted within 60 days, the association of co-owners may file the notice of the declaration with the register of deeds. The declaration takes effect upon recording by the register of deeds. [See MCL 559.167(3)-(4), as amended by 233 PA 2016.]

In other words, while the post-amendment version of MCL 559.167 provides additional steps that must be taken to convert unbuilt units to general common areas after the 10-year deadline, it does not differ from the pre-amendment version with regard to determining whether the deadline has in fact passed. Therefore, the rationale of *Cove Creek* dictates that defendant has lost its right to develop the Unbuilt Units.

Defendant argues that MCL 559.167(3) does not apply to this case because defendant is not a "developer" within the statutory definition of the term. In defendant's view, the Legislature intended that MCL 559.167(3) only apply to developers or those who stand in the legal shoes of the developer. However, there is no statutory language limiting the applicability of MCL 559.167(3) to only those units that are owned by the original developer or its successor at the time the 10-year-time period elapses. In fact, MCL 559.167(3) states that the developer of a condominium project has the right to withdraw units from the project without the consent of "any co-owners, mortgagee of units in the project, or any other party having an interest in the project." In other words, the language at least arguably contemplates a scenario in which the developer of a condominium project is not the same legal entity as the owner of unbuilt units or is not the sole possessor of a legal interest in those units. Regardless, the statute unequivocally states that if the developer has not timely withdrawn the unbuilt units from the project, "*all* rights to construct units upon that land shall cease." MCL 559.167(3). The statutory language of MCL 559.167(3) is clear, and we will enforce it as written. Whether defendant is a developer is not relevant to the operation of MCL 559.167(3).

Defendant also argues that the trial court erred by relying on *Wellesley Gardens Condo Ass'n v Manek*, unpublished per curiam opinion of the Court of Appeals, issued January 9, 2020 (Docket No. 344190). Defendant correctly observes that unpublished opinions are "not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1). But that unpublished decision, regardless of its precedential value, applied substantially the same analysis that we have applied in this case, and it reached a similar result. Unpublished opinions may be considered persuasive, even if they are not binding. See, e.g., *Tomiak v Hamtramck Sch Dist*, 426 Mich 678, 698-699; 397 NW2d 770 (1986); *Cedroni Assoc, Inc v Tomblinson, Harburn Assocs, Architects, & Planners Inc*, 492 Mich 40, 51; 821 NW2d 1 (2012). Like the trial court, we find *Wellesley Gardens Condo Ass'n* persuasive. The trial court's reasoning was sound.

In addition to arguing that it is not a developer or a successor *of* a developer, defendant argues that it is not a "successor developer" under MCL 559.235(1). MCL 559.235(1) defines "successor developer" as "a person who acquires title to the lesser of 10 units or 75% of the units in a condominium project . . . by foreclosure, deed of foreclosure, purchaser, or similar transaction." MCL 559.235(1). Relatedly, defendant argues that the trial court erred by not considering certain terms of the Master Deed, which defines a "successor" to exclude a "successor developer." Plaintiff's argument simply has no application here. The trial court did not determine that defendant was a successor developer; nor would such a determination be relevant to the application of MCL 559.167. The trial court based its decision, as we do ours, on the plain

language of MCL 559.167(3). The language of the Master Deed could not have altered the analysis. Because the Unbuilt Units were not withdrawn from the project within the applicable time period, any rights to develop them ceased.

Defendant also makes a brief public policy argument that plaintiff's interpretation of MCL 559.167(3) would create absurd practical results because it would mean that a non-developer could lose its land because of the developer's failure to withdraw it from the condominium project within the applicable time frame. Defendant does not elaborate or provide examples, it merely offers a hypothetical claim and leaves this Court to guess at its reasoning. We decline to do so, as this issue is more appropriately directed to the Legislature. See *Slis v Michigan*, 332 Mich App 312, 378; 956 NW2d 569 (2020) (BOONSTRA, J., concurring). In any event, although statutes should be construed to avoid absurd or unjust results, the courts may only engage in statutory construction where the language of a statute is ambiguous. *Hill v City of Warren*, 276 Mich App 299, 305; 740 NW2d 706 (2007). The language of MCL 559.167(3) is not ambiguous, so our role is simply to apply that language as written. See *id*.

Defendant also argues that the liens recorded by two different construction companies indicate that construction had commenced on all units. Defendant essentially contends that construction of general common elements supporting the units equates to commencement of construction of the units themselves, such that the units were not "undeveloped," they could no longer have been withdrawn from the project, and rights to develop them therefore could not have ceased. We disagree. The record shows only that construction had begun, to some extent, on roads, sidewalks, water systems, and other general common elements within the project. MCL 559.167(3) contemplates that construction and improvements on "need not be built" units be *completed* within 10 years, absent withdrawal of those units during that time. Defendant's interpretation would allow developers to indefinitely avoid MCL 559.167(3)'s time frame simply by starting construction of a single general common element, like a road. This would render MCL 559.167(3) nugatory and meaningless. *Altman*, 439 Mich at 635.

Defendant also argues that MCL 559.167(3) is unconstitutional as applied to defendant because it would result in a taking of its property without due process of law under the Fifth Amendment to the United States Constitution. We disagree. The Fifth Amendment's Due-Process Clause provides, in relevant part, that no person "shall be deprived of life, liberty, or property, without due process of law . . . ." US Const, Am V. The record shows that defendant received sufficient notice that the units it purchased in 2012 were subject to expiration by 2014. Therefore, its interest in Units 15-41 was conditional from the start. Again, *Cove Creek* is instructive. In *Cove Creek*, we held that the lapse of the defendants' title to the project did not deny them due process of law because the 10-year time frame of MCL 559.167(3) was a reasonable provision that allowed them sufficient notice. *Cove Creek*, 330 Mich App at 704-705. The same is true in this case. In addition, our Supreme Court has held "the state has the authority to condition the retention of certain property rights on the performance of an affirmative act within a reasonable statutory period." *City of Kentwood v Sommerdyke Estate*, 458 Mich 642, 646; 581 NW2d 670 (1998). In *Cove Creek*, we noted that MCL 559.167(3) also "conditioned the retention of a

property right on the performance of reasonable conditions that indicate a present intention to retain that property interest." *Cove Creek*, 330 Mich at 703. Defendant's constitutional right to due process of law was not violated.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron