*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAKINA CRISWELL,

        Plaintiff-Appellant,

v

AVIS RENT A CAR SYSTEM, LLC, and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants-Appellees.

UNPUBLISHED
July 28, 2022

No. 355626
Wayne Circuit Court
LC No. 19-007669-NF

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right the final order granting defendant, Avis Rent a Car System, LLC's, motion for summary disposition under MCR 2.116(C)(10). [1] We affirm.

## I. FACTUAL BACKGROUND

This case arises out of an automobile accident. Plaintiff's cousin, Pandora Hamilton, was driving a vehicle she rented from defendant, and had picked plaintiff up to go shopping. As they were driving, Hamilton told plaintiff she was feeling sick and needed to go "to the ER because she said her [blood] pressure was up." They switched seats and plaintiff began driving Hamilton to the hospital. During the journey, plaintiff was involved in a collision with another vehicle. Plaintiff requested defendant pay personal protection insurance (PIP) benefits to her, but defendant refused because plaintiff was not a party to, nor was she an authorized driver on, the rental agreement.

Plaintiff filed a complaint alleging breach of contract for defendant's unreasonable refusal to pay PIP benefits. After discovery, defendant moved the trial court for summary disposition

---

[1] Defendant, the Michigan Automobile Insurance Placement Facility (MAIPF), was previously dismissed from the action.

pursuant to MCR 2.116(C)(10), arguing that plaintiff was precluded from obtaining PIP benefits by MCL 500.3113(a), because she unlawfully operated the rental vehicle without defendant's authority or permission. The trial court, after a hearing, granted defendant's motion for summary disposition and dismissed plaintiff's claim for PIP benefits, holding that plaintiff "was an unauthorized driver of the . . . rental vehicle such that her use and operation of the rental vehicle constituted an unlawful taking pursuant to MCL 500.3113(a) and the . . . Rental Agreement thereby disqualifying Plaintiff from recovering [PIP] benefits against [defendant]." This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019). The de novo standard of review means we review the issues independently, without deference to the trial court's decision. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009) (citation omitted).

A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The moving party can satisfy its burden of showing there is no genuine issue of material fact by: (1) submitting evidence that negates an essential element of the nonmoving party's claim or (2) demonstrating that the nonmoving party's evidence cannot establish an essential element of the nonmoving party's claim or defense. *Quinto v Cross & Peters Co*, 451 Mich 358, 361-362; 547 NW2d 314 (1996). Once the moving party meets that burden, the burden shifts to the nonmoving party to submit evidence establishing there is a genuine issue of material fact. *Id*. at 362, citing *Neubacher v Globe Furniture Rentals*, 205 Mich App 418, 420; 522 NW2d 335 (1994).

## III. LAW AND ANALYSIS

Plaintiff argues the trial court erred in granting defendant's motion for summary disposition because she did not unlawfully take the rental vehicle.

The Michigan no-fault provides in relevant part:

> A person is not entitled to be paid [PIP] benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully. [MCL 500.3113(a)]

As can be seen, MCL 500.3113(a) has three elements: (1) plaintiff was willingly operating the rental vehicle; (2) the rental vehicle was taken unlawfully; and (3) plaintiff knew, or should have known, that the motor vehicle was taken unlawfully.

"Unlawfully" means "contrary to Michigan law," *Spectrum Health Hosps v Farm Bureau Mut Ins Co*, 492 Mich 503, 516-517; 821 NW2d 117 (2012), meaning that "any person who takes a vehicle contrary to a provision of the Michigan Penal Code . . . has taken the vehicle unlawfully

for purposes of MCL 500.3113(a)." *Spectrum*, 492 Mich at 509. Put another way, "[b]ecause a taking does not have to be larcenous to be unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner." *Id.*, at 518.

> "[T]ake" means to get something into one's hands or possession through a voluntary act. This would necessarily involve either a transfer of possession or control of an object from one person to another or the gaining of possession or control of an unattended object that is not in anyone's control or possession. [*Henry Ford Health Sys v Esurance Ins Co*, 288 Mich App 593, 600; 808 NW2d 1 (2010) (internal citation omitted).]

The trial court properly granted summary disposition to defendant because, under MCL 500.3113(a), the undisputed material facts show that plaintiff was not entitled to PIP benefits as an unauthorized driver. First, plaintiff willingly operated the rental vehicle. MCL 500.3113(a). Plaintiff testified that she "suggested" driving because of Hamilton's condition. There is no evidence plaintiff was coerced or forced into driving the vehicle; rather the record indicates she voluntarily drove the vehicle.

Second, the rental vehicle was taken unlawfully. MCL 500.3113(a). As noted above, "take" means "to get something into one's hands or possession through voluntary act," *Henry Ford*, 288 Mich App at 600, and requires one to gain "possession or control of an object" from another person. *Id*. Likewise, "the phrase 'taken unlawfully' in MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner," regardless of whether that taking is larcenous. *Spectrum*, 492 Mich at 518. Here, plaintiff had possession and control of the vehicle because she was driving the vehicle. As the trial court stated, the owner of the vehicle was defendant, not Hamilton, and defendant did not give plaintiff express or implied authority to drive the vehicle. This conclusion is further supported by the language in the rental agreement, which expressly states that no "additional drivers are allowed without prior written consent." Therefore, it is irrefutable that plaintiff took the rental vehicle unlawfully.

Third, evidence shows that plaintiff knew, or should have known, the vehicle was taken unlawfully. MCL 500.3113(a). Plaintiff testified she knew it was a rental vehicle because Hamilton's vehicle had been in the repair shop. Therefore, plaintiff reasonably knew, or should have known, that driving the rental vehicle would be unlawful.

In seeking to avoid this conclusion, plaintiff argues that, unlike in *Spectrum*, 492 Mich at 516-517, she did not knowingly take the vehicle because she did not know that it was unlawful to do so under the exigent circumstances she was facing at the time. However, plaintiff does not cite any authority establishing an "exigent circumstances" exception to MCL 500.3113(a), and the Supreme Court has clearly stated that "MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner." *Spectrum*, 492 Mich at 518. In addition, as discussed above, plaintiff's testimony establishes that she knew she lacked authority to drive the rental car.

Plaintiff also seeks to distinguish *Spectrum* on the basis that unlike in *Spectrum*, there were no express statements to plaintiff that she could not drive Hamilton's rental vehicle. However, plaintiff's argument ignores that there is no requirement for the vehicle owner to make an *express*

statement regarding plaintiff's authority or lack thereof. Instead, "MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner." *Spectrum*, 492 Mich at 518. Additionally, plaintiff operates on the assumption that this grant of authority would have had to come from Hamilton, but fails to recognize that it is the authority of the owner (defendant) not the renter (Hamilton) that matters.[2]

Plaintiff also contends that because she was not a party to the rental contract and was never given a copy of the contract to read, defendant somehow authorized her to drive its rental vehicle. Aside from the fact this argument is largely unsupported, plaintiff's position, if anything, provides additional support for the conclusion that she was not a party to the rental contract, and therefore had no authority to drive the rental vehicle. In addition, a rental agreement provision excluding additional drivers can serve as an express prohibition against taking a vehicle for the purposes of MCL 500.3113(a).

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

[2] Plaintiff relies on *Rambin v Allstate Ins Co*, 495 Mich 316; 852 NW2d 34 (2014), superseded by statute as stated in *Ahmed v Tokio Marine Am Ins Co*, 337 Mich App 1, 25; 972 NW2d 860 (2021), to argue that the circumstances justified her driving the rental vehicle. However, in addition to the fact that *Rambin* was superseded by statute, plaintiff's argument is belied by the fact she did not have authority from defendant to drive the rental vehicle. Indeed, plaintiff testified that she knew the vehicle was a rental and not one owned by Hamilton.