*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EMMA FRANKHOUSE,

Plaintiff-Appellant,

v

ROYALTY LOGISTICS, LLC, and RACHEL
BLATT,

Defendants-Appellees.

UNPUBLISHED
August 17, 2023

No. 364408
Oakland Circuit Court
LC No. 2021-190824-NO

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

In this false imprisonment and intentional infliction of emotional distress (IIED) action, plaintiff appeals as of right the order granting summary disposition to defendants under MCR 2.116(C)(10) (no genuine issue of material fact). On appeal, plaintiff argues the trial court erred in granting summary disposition because it failed to consider exhibits attached to plaintiff's response to defendants' motion for summary disposition. We affirm.

## I. FACTUAL BACKGROUND

Defendant, Rachel Blatt, owns a logistics company called Royalty Logistics, Inc. Plaintiff was employed in Royalty's accounting department, and developed a close personal relationship with Blatt. The relationship was tumultuous, and plaintiff frequently got into heated arguments with Blatt. This case involves one such incident, which occurred when plaintiff accompanied Blatt from Royalty's offices to Blatt's home. Blatt drove her car to the house, and plaintiff was in the passenger seat. Plaintiff and Blatt argued during the drive. Plaintiff alleges that the argument was so severe that Blatt's attention was diverted from the road. Plaintiff demanded Blatt pull over and let her out of the car, but Blatt did not immediately comply. At the time, Blatt was driving north on Inkster Road toward 15 Mile Road, also known as Maple Road. Blatt maintains that she was unable to immediately comply because the vehicle was moving and there was road construction on Inkster. When Blatt slowed the car at a traffic signal, plaintiff got out of the car.

Plaintiff generally alleges Blatt's conduct during the incident was consistent with a pattern of dangerous and inappropriate behavior in the workplace fueled by Blatt's use of cocaine and

-1-

nitrous oxide. In a complaint filed against Blatt and Royalty, plaintiff claimed Blatt, as an agent of Royalty, falsely imprisoned plaintiff in her vehicle by refusing to allow her to exit safely. Plaintiff also raised a claim of IIED as a result of Blatt's conduct.

Defendants moved for summary disposition under MCR 2.116(C)(10), arguing the delay between plaintiff asking to be let out of the car and her getting out was brief, lasting only a few minutes, and that it was thus insufficient to establish a claim of false imprisonment. Defendants also argued that plaintiff could not establish the element of extreme and outrageous conduct necessary to sustain a claim of IIED. In response, plaintiff argued that whether the duration of imprisonment was sufficient to sustain a claim for false imprisonment was a question for the jury. Plaintiff also argued Blatt's conduct during the incident was extreme and outrageous, alleging that her actions were consistent with drug use and that she refused to let plaintiff out of her car. Plaintiff also claimed Blatt appeared to be hallucinating while driving.

As attachments to her response, plaintiff included: (1) a transcript of plaintiff's deposition; (2) a photograph of what appeared to be the contents of a trash can; (3) a printout of search results, which listed construction projects and was accompanied by a map of the road where plaintiff exited the car; and (4) defendants' initial disclosures. Plaintiff cited to the trash photograph when making the following statements: "Blatt had her cocaine dealer drop off drugs right at the office and maintained her own use of devices at the office as well. She used nitrous in the office (and in her car) and disposed of the containers in her office waste basket." Plaintiff cited the construction list when stating that road commission records "reveal[ed] no construction on Inkster between 14 [Mile Road] and 15 [Mile Road] that summer." Plaintiff quoted defendants' initial disclosure, which stated there was construction along the road plaintiff and Blatt were traversing, to support her contention that Blatt hallucinated while driving. Plaintiff's response also contained several unsupported statements.

The trial court discussed the deficiencies in plaintiff's response at the motion hearing, stating:

> The Court, as previously stated, has reviewed the pleadings carefully and notes that Plaintiff's response is littered with unsupported statements. For example, on page 6 of Plaintiff's response, Plaintiff claims she had been with Blatt many times before when Blatt was using drugs and knows what Blatt is like on drugs. The critical point is unsupported by any citation to any evidence.
>
> On page 5, Plaintiff says Blatt touched male and female employee [sic] inappropriately—excuse me. Again, there is no citation to any evidence. On page 6, Plaintiff says Blatt—Blatt's cocaine dealer dropped off drugs right at the office. Again, with no citation. Also on page 6, Plaintiff claims Blatt took the 5th with regard to drug use. Again, with no citation. Also on page 6, Plaintiff claims her alleged detention lasted 8 minutes, with no citation.
>
> On page 7, Plaintiff claims Blatt refused to stop the car due to construction, even though there was none, and [t]here is no citation for this either.

On page 8, Plaintiff says quote, these are the behaviors of someone on cocaine, end quote; again with no citation or support to back that up.

On page 15, Plaintiff claims Blatt was quote, a demon behind the wheel, fueled by drugs, end quote; again, cited no citation.

There are many more examples of this, but the Court will stop there.

The reason the Court is making this record is to draw attention to the fact that while Plaintiff makes a convincing argument in her response brief as to why summary disposition should not be granted, it is incumbent on Plaintiff to actually cite to evidence in order to establish their allegations, and therefore that a genuine issue of material facts exists.

Perhaps there is evidentiary support for these allegations, but the Court will not go scour the record for it. Quote, when a party merely announces a position b[ut] provides no authority to support it, we consider the issue waived, end quote. That's from *National Waterworks, Incorporated* versus *International Fidelity and Surety*, that's 275 Mich App 256, it's a 2007 case.

The truth is that Plaintiff alleges that Blatt was high on drugs and hallucinating, but a careful review of the pleadings shows zero evidentiary support for that. Indeed, Plaintiff admitted in her deposition that she had zero evidence of this. Furthermore, Plaintiff claims Blatt was driving recklessly and at a high rate of speed, but also fails to cite any support for this.

Defendants do support their position with evidentiary support, which confirmed that Plaintiff was not coerced into the vehicle and was not restrained in any way. Defendants confirm that Plaintiff admits she has zero evidence of drug use by Blatt. Defendants cite to Plaintiff's testimony that an hour after this incident, Plaintiff got back into a car with Blatt driving.

The only thing Plaintiff has really established is that Plaintiff may have asked to get out of Blatt's car and Blatt may have taken between 2 and 8 minutes to honor that request. Those are the only facts which are supported by any evidence. This is hardly sufficient to establish the requisite extreme and outrageous conduct necessary to sustain an intentional infliction of emotional distress claim, and therefore, the Court finds that no genuine issue of material fact exists as to the claim, because as a matter of law, waiting between 2 and 8 minutes to let someone out—out of one's car after being requested to do so does not rise to that level.

As for the false imprisonment claims, again, Plaintiff has failed to bring forth any factual matter to support allegations of drug use, hallucinations, or even malice on the part of Blatt. This leaves the mere fact that Plaintiff claims she was not released from Blatt's car for up to 8 minutes after she asked to get out, but this Court finds that the Court of Appeals admonition in *Moore* versus *City of Detroit*, 252 Mich App 384, a 2002 case, stating that quote, brief confinements or restraints are insufficient for false imprisonment, end quote, applies here, especially when

Plaintiff has failed to support any of her allegations that the alleged confinement was intentional or malicious. The fact that Plaintiff got back into Blatt's car an hour later also bolsters this finding.

Therefore, the Court finds that there is no genuine issue of material fact as to either claim, and grants the motion as to Plaintiff's complaint.

The trial court subsequently granted defendants' motion for summary disposition under MCR 2.116(C)(10). This appeal followed.

## II. ANALYSIS

Plaintiff argues the trial court erred in granting summary disposition because it failed to consider exhibits attached to plaintiff's response to defendants' motion for summary disposition. We disagree, and conclude that the trial court's grant of summary disposition was proper.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. Such a motion "may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

The moving party presenting a motion for summary disposition under MCR 2.116(C)(10) initially has the burden of supporting its position with evidence. *Neubacher v Globe Furniture Rentals*, 205 Mich App 418, 420; 522 NW2d 335 (1994). However, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Id*. Summary disposition is proper if the opposing party cannot present evidence to establish the existence of a dispute of material fact. *McCormic v Auto Club Ins Ass'n*, 202 Mich App 233, 237; 507 NW2d 741 (1993). Importantly, the trial court is "not obligated under MCR 2.116(G)(5) to scour the record to determine whether there exists a genuine issue of fact to preclude summary disposition." *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 381; 775 NW2d 618 (2009). (quotation marks and citations omitted). Instead, the parties must set forth specific facts demonstrating that a genuine issue of fact exist for trial. *Id*.

On appeal, plaintiff contends that the trial court refused to consider the evidence she submitted with her response to defendants' motion for summary disposition. This is not so; our review of the record instead suggests that plaintiff failed to meet her evidentiary burden to set forth specific facts demonstrating the existence of a genuine issue for trial. *Id*. Many of her allegations lack citations to the record, and some statements have no evidentiary support at all. The trial court correctly acknowledged these deficiencies, going so far as to expressly list the pages of plaintiff's response brief that lack citations to the record.

The court did not discount plaintiff's evidence wholesale, and did acknowledge that there was evidentiary support for plaintiff's contention that she was unable to exit Blatt's car for a period of between two and eight minutes after asking Blatt to pull over and let her out. Additionally, the

trial court acknowledged plaintiff's testimony about Blatt's history of drug use and behavior while under the influence, but found that her testimony did not support her contention that Blatt was under the influence of drugs during the specific incident at issue here. Taking all of the evidence into account, the trial court ruled that there was no genuine issue of material fact to defend against defendants' motion for summary disposition. Ultimately, nothing in the record indicates that the trial court applied the wrong standard of review, or that it failed to adequately consider documentary evidence, as required by MCR 2.116(G)(5). Accordingly, plaintiff is not entitled to relief.

Affirmed.

/s/ James Robert Redford
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick